■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS ALVAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered April 13, 1989, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that, given the limited opportunity the People's main witness had to view the perpetrator, that witness's identification of him is not worthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions

to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the prosecutor's summation deprived him of a fair trial is without merit, as all but one comment that the defendant complains of were not inappropriate, and the remaining comment was simply not so egregious as to have deprived him of a fair trial.

The sentence imposed is not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.